# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIM. NO. |
| v. | : |
| | : 4: CR 20-204 |
| | : |
| JORDAN WATKINS, | : |
| KENYON BONAPARTE, | : JUDGE BRANN |
| BASIL ARTIES, | : |
| DAMION BETHEA, | : |
| | : |
| KEVIN BRYANT, | : |
| ANGELLITTO LAWTON | : |
| BRAHEEM LEWIS, | : |
| and, | : |
| IRA SIMS, | : |
| | : |
| Defendants | : |

FILED WILLIAMSPORT
AUG 27 2020
PER _____
DEPUTY CLERK

## INDICTMENT

THE GRAND JURY CHARGES:

### Count 1
### 21 U.S.C. § 846
(Conspiracy to distribute controlled substances)

From in or about August 2019 to in or about August 2020, in Lycoming County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

JORDAN WATKINS,
KENYON BONAPARTE,
BASIL ARTIES,
DAMION BETHEA,

KEVIN BRYANT,
ANGELLITTO LAWTON,
BRAHEEM LEWIS,
and
IRA SIMS,

did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with each other and with other persons both known and unknown to the grand jury, to commit an offense against the United States, that is, to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute controlled substances, that is, a mixture or substance containing fentanyl, a Schedule II controlled substance, and a mixture or substance containing fentanyl and tramadol, Schedule II and Schedule IV controlled substances, in violation of Title 21 U.S.C. § 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

## Count 2
## 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about August 15, 2019, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**JORDAN WATKINS and KENYON BONAPARTE,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

### Count 3
### 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about August 27, 2019, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**JORDAN WATKINS and KENYON BONAPARTE,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

### Count 4
### 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about September 5, 2019, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**JORDAN WATKINS and BASIL ARTIES,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

### Count 5
### 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about September 17, 2019, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

### KENYON BONAPARTE,

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## Count 6
## 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about October 15, 2019, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**JORDAN WATKINS and DAMION BETHEA,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl and tramadol, Schedule II and Schedule IV controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## Count 7
## 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about November 14, 2019, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**JORDAN WATKINS and KEVIN BRYANT,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl and tramadol, Schedule II and Schedule IV controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

### Count 8
### 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about February 5, 2020, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**JORDAN WATKINS and BRAHEEM LEWIS,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

### Count 9
### 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about February 9, 2020, in Lycoming County, within the Middle District of Pennsylvania, the defendants,

**BRAHEEM LEWIS and IRA SIMS,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 10
### 18 U.S.C. § 922(g)
(Unlawful possession of a firearm)

On or about August 9, 2020 to on or about August 16, 2020, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**JORDAN WATKINS,**

did knowingly and unlawfully possess in and affecting commerce a

firearm, that is, a Taurus Ultra Lite .38 caliber revolver with an obliterated serial number, knowing he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Section 922(g)(1).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 11
### 18 U.S.C. § 922(g)
(Unlawful possession of a firearm)

On or about August 9, 2020 to August 19, 2020, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**JORDAN WATKINS,**

did knowingly and unlawfully possess in and affecting commerce a firearm, that is, a Kel-Tek Sub 2000 9mm long gun bearing serial number FFT056, knowing he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 11 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 21, United States Code, Section 846, Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 922, the defendants,

**JORDAN WATKINS and** ▮,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

1. approximately $3,200.00 in U.S. currency seized from ▮ on or about August 7, 2020, in Williamsport, Pennsylvania;

2. approximately $3,810.00 in U.S. currency seized from Jordan Watkins on or about August 14, 2020, in Harrisburg, Pennsylvania;

3. a Taurus Ultra Lite .38 caliber revolver with an obliterated serial number recovered on August 16, 2020, in Williamsport, Pennsylvania; and

4. a Kel-Tek Sub 2000 9mm long gun bearing serial number FFT056 recovered on August 19, 2020, in Williamsport, Pennsylvania.

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

A TRUE BILL

_8/27/20_
DATE

FOREPERSON

_8/27/20_
DATE

DAVID J. FREED
UNITED STATES ATTORNEY

BY: _[signature]_
ALISAN V. MARTIN
ASSISTANT U.S. ATTORNEY